IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANEY EARL BARNES (Dallas Cty. Jail Book-In No. 17023416), | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-1419-N-BN |
| CARTER THOMPSON, ET AL., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER STAYING
AND ADMINISTRATIVELY CLOSING ACTION**[1]

Plaintiff Blaney Earl Barnes, an inmate at the Dallas County jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. After reviewing Barnes's civil rights complaint, the Court determines that this action should be, and is hereby, STAYED and ADMINISTRATIVELY CLOSED.

**Applicable Background**

Barnes stands indicted in state court in Dallas County for aggravated sexual assault, in two separate cases. *See State v. Barnes*, Nos. F17-75611 & F18-00121 (Crim. Dist. Ct. No. 5, Dallas Cty., Tex.). Through this action, Barnes raises due process

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

claims related to the indictment and lack of an examining trial in the second-filed case. *See* Dkt. No. 3 at 4.

**Legal Standards and Analysis**

"Section 1983 is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). But that provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger v. Harris*, 401 U.S. 37, 43-47 (1971)).

Under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. That is, *Younger* abstention "applies only to 'three "exceptional" categories' of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and 'pending "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions."'" *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 591 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989))).

As to *Younger*'s application to ongoing criminal prosecutions, this Court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL

473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *Younger,* 401 U.S. at 43-45; *see also Burton v. Procter & Gamble Co.*, No. 3:17-cv-1190-B-BN, 2018 WL 1115138 (N.D. Tex. Jan. 30, 2018) (noting *Younger*'s application to ongoing state proceedings to determine competency), *rec. accepted*, 2018 WL 1115363 (N.D. Tex. Feb. 27, 2018).

The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. Those principles inspired the policy of preventing federal courts from issuing injunctions or declaratory judgments while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

All prerequisites for abstention under *Younger* are met here. There are ongoing state judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from

exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). And Barnes has full opportunity to raise constitutional challenges in the ongoing state prosecutions, on direct appeal in the event of a conviction(s), or through a state habeas writ challenging his detention or conviction. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425; emphasis in original)).

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. But no exception applies here. The Court should therefore abstain from jurisdiction over Barnes's claims. *Cf. McCullough v. Crawford*, C.A. No. 2:09-2631-RBH, 2009 WL 4110316, at *4 (D.S.C. Nov. 25, 2009) ("Plaintiff should be able to vindicate his federal constitutional rights during his State criminal proceeding by presenting his evidence and argument that he was not resisting arrest, did not assault a police officer, and that the defendants created false charges against him to cover up their wrongful excessive force. Therefore, *Younger* abstention

is appropriate in this case." (citation omitted)).

Faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears that the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

Further, it does not appear that Barnes seeks damages through this Section 1983 proceeding. *See* Dkt. No. 3 at 4 (requesting as relief that this Court "[b]ring [the alleged constitutional violation(s)] to court no. 5[ – presumably Dallas County Criminal District Court No. 5 – ]attention ... to allow [Barnes] to have [his] equal right"). But to the extent that Barnes does seek damages, "*Younger* is not applicable to claims for damages." *Boyd*, 575 F. App'x at 519 (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)); *accord Jones v. Prescott*, 702 F. App'x 205, 209 (5th Cir. 2017) (per curiam) ("The abstention doctrine in *Younger* does not apply to a federal suit seeking only damages." (citing *Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995))).

Nevertheless, "a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Mackey*, 47 F.3d at 746 ("At this point[– post-arrest but pre-conviction –]it is simply premature to determine whether

or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)]. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

## Conclusion

The Court STAYS and ADMINISTRATIVELY closes this case and instructs Plaintiff Blaney Earl Banes (1) that he must file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) that the failure to do so may result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order. *See* FED. R. CIV. P. 41(b).

Nothing in this order shall be considered a dismissal or disposition of this case, as "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.,* administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted). The United States District Clerk is therefore instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

SO ORDERED.

DATED: June 5, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE